(37 App. Div. 545.)

### MULREIN v. WEISBECKER.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. ADJOINING LANDOWNERS—UNLAWFUL ENCROACHMENT.

The erection of a brick wall on adjoining land to the extent of three or four inches constitutes an encroachment thereon of sufficient magnitude to enable the adjoining owner to maintain an equitable action to compel its removal.

2. ESTOPPEL IN PAIS.

An estoppel cannot be raised against an adjoining owner to defeat a suit by her to compel the removal of a wall encroaching. on her land, where she knew nothing of the encroachment when the wall was being built, and not until a survey was subsequently made.

Appeal from special term, New York county.

Suit by Eliza Mulrein against Charles Weisbecker. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edward J. McGanney, for appellant.

Henry F. Lippold, for respondent.

BARRETT, J. This was an action in equity to compel the defendant to remove so much of a brick wall erected upon his premises as encroached upon the plaintiff's adjoining lot. The plaintiff is the owner of the house and lot No. 317 West 125th street, in this city, and the defendant is the owner of the adjoining premises on the west, namely, 319 West 125th street. In 1894 the defendant built a one-story brick extension to his house. This extension was about 18 feet in height and was some 66 feet in depth. It began at the rear of the plaintiff's house, and ran back to the rear of the plaintiff's lot. The plaintiff's claim is that the east wall of this extension encroaches upon her lot at least $3\frac{1}{4}$ inches. The defendant denies that there is any such substantial encroachment. Upon conflicting evidence as to the situation of the wall in question,—which does not preponderate on the plaintiff's side sufficiently to warrant a reversal,—the learned trial judge found that there was a slight encroachment, but that it did not exceed one-half of an inch. Upon this finding his conclusion was that the encroachment was so insignificant and inconsiderable as to deprive the plaintiff of the equitable relief asked. He accordingly dismissed the complaint, with costs to the amount of actual disbursements, and without prejudice to an action at law to recover the damages caused by the continuing trespass. Why, when he had reached this conclusion, he did not retain the action, and permit further proof to be adduced upon which an award of compensation might be made, does not appear.

It will not be necessary to consider the correctness of the learned trial judge's general conclusion, for the reason that he plainly overlooked uncontradicted evidence as to the encroachment of the foundation upon which the defendant's wall is erected. Whatever conflict there was as to the wall itself, there was none as to this foundation. The plaintiff's husband, Michael Mulrein, testified as follows: "The foundation of this brick wall goes still further on my wife's lot than the wall itself; the stonework and brick on the front on the south two and three-quarters, and the rear measurement about three and a half inches,—that is, east of the wall itself." And again, upon cross-examination, he said: "I say the foundation projected to the extent that I say over on the land belonging to her,—east of the brick wall, I am speaking now. The foundation extends east of the wall itself two and one-half inches in some places." When this en-

croachment is added to that found with regard to the wall itself, we have an undoubted encroachment upon the plaintiff's land of between three and four inches. It is needless to say that the foundation encroachment is just as serious as that above the surface of the land. The plaintiff is thus effectually deprived of the right to build upon the full width of her land; and the defendant has, in effect, taken part of her land from her, and appropriated it, without her consent, to his own use. Whatever question there may be as to an appropriation of but one-half of an inch,—as to which, in view of the simple character of the extension, and the absence of any element of special inconvenience in the surrounding conditions, we do not wish to be understood as agreeing with the learned trial judge,—there can be none as to so serious an encroachment as from three to four inches.

There was no estoppel proved against the plaintiff; nor was there laches sufficient to defeat her equitable action. She knew nothing of the encroachment when the extension was being built, nor until a survey was subsequently made. Her husband was not her agent, nor was his knowledge hers. He, however, warned the defendant's contractor to be careful; and he himself was not, at the time when the extension was being erected, certain as to the lines.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.