Rosina Novi, Plaintiff, *v.* Giovanni Del Prete, Also Known as Del Petra or Del Pertre, and Teresa Del Prete, Defendants.

Supreme Court, Kings County, October, **1923**.

**Injunction — action to restrain defendants from further construction on encroaching wall — permission of plaintiff — injunction pendente lite denied.**

Where the relief asked for by a complaint is that defendants be restrained from the further construction of tar paper and shingles an eighth of an inch in thickness upon a wall which already encroaches upon the property of plaintiff and for judgment to recover possession of said property, and upon a motion for a mandatory injunction it appeared by affidavit that the work done and of which complaint was made is within the line shown upon plaintiff's survey as to the extent of defendants' property, and that such work was commenced by permission of plaintiff, she is not entitled to an injunction *pendente lite* to restrain the continuance of the work; the motion, therefore, for the removal of the encroachment including the improvement to the wall made and to be made will be denied upon the ground that if plaintiff is entitled thereto it may be granted upon the trial of the action.

Motion for mandatory injunction.

*Thomas W. Constable,* for plaintiff.

*Philip D. Meagher,* for defendants.

Hagarty, J. Plaintiff moves for an order restraining the defendants from continuing the work of placing shingles and tar paper

upon the wall adjoining the property of the plaintiff, for the reason that the wall encroaches upon the plaintiff's property and this would be an additional encroachment. The shingles and tar paper are one-eighth of an inch in thickness. The relief demanded in the complaint is that the defendants be enjoined and restrained from the further construction of tar paper and shingles upon the wall and from continuing the said wall and fence upon plaintiff's premises, and that plaintiff have judgment recovering possession of her property upon which said wall and fence are now erected. It appears from the affidavit submitted by the defendants, and is not disputed, that permission was granted the defendants to do this work and that a large part of it has been completed. Plaintiff then ordered the work stopped and this suit resulted.

Defendants' house is a frame building and was erected thirty-five or forty years ago on the west side of Second avenue between Forty-first and Forty-second streets, Brooklyn. It is the southerly wall that plaintiff claims encroaches. It appears by affidavit that the work done and of which plaintiff complains is within the line shown upon the plaintiff's survey as the extent of the property belonging to the defendants.

Mandatory injunctions to compel removal of encroachments are allowed for the reason that it is often impracticable to put the owner in possession in the action of ejectment. Careful examination of the cases has failed to disclose any authority containing facts similar to those disclosed here. The nearest approach is *Mulrein* v. *Weisbecker*, 37 App. Div. 545. In that case the trial judge had assumed that the encroachment did not exceed one-half an inch and held that it was so insignificant and inconsiderable as to deprive the plaintiff of the equitable relief asked. The judgment was reversed, however, because of an erroneous finding of fact that the encroachment was only one-half an inch, it being from three to four inches. The appellate court took occasion to say in its opinion: " Whatever question there may be as to an appropriation of but one-half an inch, as to which, in view of the simple character of the extension and the absence of any element of special inconvenience in the surrounding conditions, we do not wish to be understood as agreeing with the learned trial judge — there can be none as to so serious an encroachment as from three to four inches." While the maxim *de minimis non curat lex* is never applied to the positive and wrongful invasion of another's property, it appears that the work is within the survey lines and that it was commenced with the plaintiff's permission and hence was not wrongful. The plaintiff is not entitled to a temporary injunction restraining the continuance of the work described. If

the plaintiff is entitled to a mandatory injunction compelling the removal of the encroachment, it will be granted upon the trial including the improvements to the wall made and to be made.

Motion denied. Submit order upon notice.

Ordered accordingly.